■ In the Matter of ANDREA LEWIS, Petitioner, v CESAR A. PERALES et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Commissioner of Social Services, dated July 10, 1985, which, *inter alia,* after a statutory fair hearing, affirmed a determination of the local agency denying the petitioner's application for public assistance.

Adjudged that the petition is granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the Commissioner of the Nassau County Department of Social Services for a determination in accordance herewith.

We find that the determination is supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Relying upon the "lump-sum" rule *(see,* 18 NYCRR 352.29 [h]), the State Commissioner affirmed the determination of the local agency that the petitioner and her two minor children would be ineligible to receive public assistance for eight months because she received a lump-sum award of unemployment insurance benefits. The "lump-sum" rule provides, in part: "[f]or public assistance households, when the assistance unit's monthly income after application of applicable disregards exceeds the household's needs because of receipt of nonrecurring lump sum earned or unearned income, the family will be ineligible for aid for a calculated period. This period is calculated by dividing the sum of the lump sum income and any other income received during the month * * * by the household needs for a family which consists of the [Aid to Dependent Children] or [Home Relief] assistance unit plus any other individual whose needs are taken into account in determining eligibility and the amount of the grant" (18 NYCRR 352.29 [h] [1]). The rule also provides that the period of ineligibility shall be shortened, based upon the actual amount of the lump sum remaining "when the income received or a portion thereof has

become unavailable to the members of the family for reasons that were beyond the control of such members" (18 NYCRR 352.29 [h] [2] [ii]), including a life-threatening circumstance. Substantial evidence in the record as a whole supports the conclusion that the petitioner failed to establish that the lump-sum income was not available to her or that the money had been spent on life-threatening circumstances.

While there is substantial evidence to support the determination as to the petitioner's eligibility for public assistance, the same cannot be said with respect to the petitioner's second child, who was born less than two months prior to the denial of the petitioner's application. It is the established policy of the State Commissioner not to apply the lump-sum rule to persons not in the assistance unit during the month of lump-sum receipt, e.g., newborn children (see, New York State Dept of Social Servs Admin Directive 82 ADM-49, 84 ADM-39). There is simply no question that the petitioner received her lump-sum award prior to that child's birth. There is no evidence in the record to indicate that the local agency did not apply the lump-sum rule to the newborn child, other than the statement of that agency's fair hearing representative. The representative did state that the local agency assumed that the lump sum was available to meet the needs of the family. Following the hearing, the State Commissioner directed the local agency to redetermine the period of ineligibility based upon, inter alia, the change in household composition after the time of the lump-sum payment.

On July 23, 1985, the local agency determined that the petitioner's period of ineligibility should be lengthened due to an alleged receipt of regular child support payments of $65 per week for the second child from the time he was born. According to the State Commissioner, the child is ineligible for a separate grant of public assistance based on the receipt of these moneys, since the child's monthly income exceeded his possible budget. However, the petitioner has established that pursuant to a subsequent agreement with the local agency, the amount of support received for this child was far less than $65 per week for the period in question. Thus, the child's monthly support income never exceeded his possible budget as set forth by the State Commissioner. Accordingly, the matter is remitted to the local agency for a recalculation of the petitioner's period of ineligibility, based upon the receipt by the newborn child of support payments, after applicable disregards, as follows: March 1985, $0; April 1985, $20; May 1985, $50; June 1985, $15; July 1985, $15; and August

1985, $100. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.